# EXHIBIT 2

| | | |
|---|---|---|
| TAMMY KAY SANDERS<br>819 N. Pine Ridge Court<br>Bel Air, Maryland 21014 | * | IN THE |
| | * | CIRCUIT COURT |
| Plaintiff, | * | OF |
| vs. | * | MARYLAND |
| AMF BOWLING CENTERS, INC.<br>725 Glen Forest Drive, Ste. 1100<br>Richmond, Virginia 23226 | * | FOR |
| | * | BALTIMORE COUNTY |
| SERVE ON: Resident Agent<br>The Corporation Trust, Incorporated<br>2405 York Road, Suite 201<br>Lutherville-Timonium, Maryland 21093 | * | |
| | * | Case No.: _____ |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

NOW COMES the Plaintiff, Tammy Kay Sanders, by her attorneys, Vadim A. Mzhen, Angelica A. Carliner, and Lebowitz and Mzhen, LLC, and, in support of her claim for negligence against the Defendant, AMF Bowling Centers, Inc., states:

1. Defendant is a corporation incorporated under the laws of the Commonwealth of Virginia and has its principal place of business in the Commonwealth of Virginia.

2. The events set forth in this Complaint occurred at an AMF Bowling Centers, Inc. bowling alley which is located at 1101 Merritt Boulevard, in Baltimore County, Maryland ("Defendant Bowling Alley"), and which is owned and operated by Defendant.

3. At all times pertinent to the events described herein, Defendant owned and operated Defendant Bowling Alley and held itself out to Plaintiff and the general public as the owner and operator of Defendant Bowling Alley.

1

4. At all times pertinent to the events described herein, Defendant held Defendant Bowling Alley out to Plaintiff and the general public as a bowling alley open to the general public.

5. By operating a bowling alley open to the general public, Defendant extended an implied invitation to Plaintiff to visit Defendant Bowling Alley. At all times pertinent to the events described herein, Plaintiff was an invitee of Defendant while in Defendant Bowling Alley.

6. On September 3, 2017, Plaintiff accepted Defendant's invitation and entered Defendant Bowling Alley for the purpose of bowling with her family.

7. On the day of Plaintiff's visit to Defendant Bowling Alley, there was a defective step separating the bowlers' seating area and the main walkway leading to the exit.

8. On the day of Plaintiff's visit to Defendant Bowling Alley, the defective nature of the step was concealed from the Plaintiff.

9. Employees and/or other agents of Defendant knew or should have known that the step was defective, yet allowed it to remain defective and/or allowed the defective step to remain in the public walking area of the bowling alley.

10. Although employees and/or other agents of Defendant knew or should have known that the step was defective and caused the step to remain defective and/or caused the defective step to remain, employees and/or other agents of the Defendant failed to post reasonable signs to warn Plaintiff of the dangerous condition presented by the defective step and failed to notify Plaintiff in any other manner of that dangerous condition.

11. At all times during the events set forth in this Complaint, each employee and other agent was employed by or was an agent of Defendant and was performing his or her

duties on behalf of and in furtherance of the interests of Defendant, his/her employer or principal.

12. At all times during the events set forth in this Complaint, each employee and other agent was acting within the scope of his or her employment or agency for Defendant in that he or she was on duty for and acted in furtherance of the interests of Defendant.

13. As the employer or principal of each employee and other agent, Defendant is responsible for all of the acts and omissions committed by each employee and agent within the scope of his or her employment or agency.

14. As Plaintiff exited the bowlers' seating area of Defendant Bowling Alley in order to head towards the exit, Plaintiff stepped on the defective step which thereafter buckled and came apart, causing Plaintiff to fall onto her left knee.

15. When Plaintiff stepped on the step, she did not know and could not have discovered by exercising reasonable and ordinary care that the step was defective and would buckle and come apart, causing her to fall and sustain injuries.

16. Defendant and each employee and other agent had a duty to use reasonable and ordinary care to maintain Defendant Bowling Alley safely for Plaintiff, and to protect Plaintiff against injury caused by an unreasonable risk which Plaintiff could not discover by exercising reasonable and ordinary care.

17. Defendant and each employee and other agent breached their duty of care owed to Plaintiff to use reasonable and ordinary care to maintain Defendant Bowling Alley safely for Plaintiff, and to protect Plaintiff from injury caused by an unreasonable risk, in that Defendant and each employee and other agent: (1) with actual or constructive knowledge of the presence of the defective step, caused the defect and/or the defective step to remain in the public

| | |
|---|---|
| TAMMY KAY SANDERS<br>819 N. Pine Ridge Court<br>Bel Air, Maryland 21014 | * IN THE<br>* CIRCUIT COURT |
| Plaintiff, | * OF |
| vs. | * MARYLAND |
| AMF BOWLING CENTERS, INC.<br>725 Glen Forest Drive, Ste. 1100<br>Richmond, Virginia 23226 | * FOR<br>* BALTIMORE COUNTY |
| SERVE ON: Resident Agent<br>The Corporation Trust, Incorporated<br>2405 York Road, Suite 201<br>Lutherville-Timonium, Maryland 21093 | *<br>* Case No.: _____ |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEMAND FOR A JURY TRIAL

The Plaintiff demands a trial by jury of this matter.

*Angelica Carliner*

Vadim A. Mzhen
Angelica A. Carliner
Lebowitz & Mzhen, LLC
9 Park Center Court, Suite 220
Owings Mills, Maryland 21117
410-654-3600
410-654-3601 (fax)
vamzhen@comcast.net
aacarliner@comcast.net
*Attorneys for the Plaintiff*