# EXHIBIT 8

| | | |
|---|---|---|
| TAMMY K. SANDERS | : | IN THE |
| Plaintiff, | : | CIRCUIT COURT |
| vs. | : | OF |
| AMF BOWLING CENTERS, INC., | : | MARYLAND FOR |
| Defendant. | : | BALTIMORE COUNTY |
| | : | CASE No.: 03-C-18-007765 |

: : : : : : : : : : :

## REQUEST FOR PRODUCTION OF DOCUMENTS

TO:     AMF Bowling Centers, Inc., Defendant

FROM:   Tammy K. Sanders, Plaintiff

### INSTRUCTIONS

YOU ARE REQUESTED to produce the following documents at the law offices of Lebowitz & Mzhen, LLC, 9 Park Center Court, Suite 220, Owings Mills, Maryland 21117, within thirty (30) days.

If you perceive any ambiguities in a request, instruction, or definition, please set forth the matter deemed ambiguous and the construction used in responding.

When answers are supplied by a corporate defendant, please state the name, address and title of the individual supplying the information and the source of such information.

### DEFINITIONS

"Identify," "identity" or "identification," when used in reference to an individual person, means to state his or her full legal name, social security number, last known home address, last known home telephone number, last known business/work address, last known business/work telephone number, and last known occupation. When used in reference to a person other than an individual person, "identify," "identity" or "identification" means to state (1) whether such person is a corporation, limited liability company, limited liability partnership, professional association, professional corporation,

general partnership, limited partnership, or other entity or organization, (2) such person's full legal name, (3) last known address of its principal place of business, and (4) to the extent applicable, the identity of its resident agent.

"Identify" or "identification" when used in reference to a document or written instrument means (1) to describe the nature and contents of such document or written instrument, (2) state the purpose for which such document or written instrument was prepared, (3) identify the person who prepared it, and (4) identify the present custodian of the original and each copy of such document or written instrument.

The terms "document" or "documents" include, but are not limited to: (1) all paper material of any kind, whether written, typed, printed, punched, filmed, or marked in any way; (2) recording tapes or wires; (3) film, photographs, movies, or any graphic matter, however produced or reproduced; and (4) all mechanical or electronic sound recordings or transcripts thereof.

The term "person" includes a corporation, limited liability company, limited liability partnership, professional association, professional corporation, general partnership, limited partnership, any other association or entity, a natural person and any government or governmental body, commission, board or agency.

The term "possession" includes possession, custody, or control.

"You" or "your" refers to the party to whom these interrogatories are addressed, and all of such party's predecessors or successors, as well as the party's owners, agents, employees, servants and/or representatives, and unless privileged, the party's attorneys.

The term "Complaint" refers to the Complaint filed by this Plaintiff.

The term "Occurrence" refers to the events that are described in the Complaint and that took place on September 3, 2017 at the bowling alley located at 1101 Merritt Boulevard, in Baltimore County, Maryland.

## LIST OF DOCUMENTS REQUESTED TO BE PRODUCED

1. All reports from any person whom you intend to call as an expert witness at trial.

2. All statements allegedly made by Plaintiff.

3. All reports with respect to Occurrence that were made in the ordinary course of business by any person and a copy of each document containing information used in each such report.

4. All statements of any person claimed to be a witness to all or part of Occurrence.

5. All photographs, videotapes, plats, diagrams, and other depictions of or related to the Occurrence.

6. All photographs, videotapes, plats, diagrams, and other depictions of the scene of Occurrence and of things connected with Occurrence.

7. A copy of any police report regarding Occurrence.

8. All resumes or curriculum vitae of any expert that you intend to call as an expert witness at trial.

9. All insurance agreements under which any person carrying on insurance business might be liable to satisfy part or all of the judgment that might be entered in this action or to indemnify or reimburse for payments made to satisfy such judgment.

10. All documents and all other tangible things upon which you intend to rely to support a position that you have taken or intend to take in this action, including any position with regard to any claim for damages by each Plaintiff.

11. All documents and all other tangible things to which you refer in your answers to each of the Plaintiff's interrogatories propounded upon you.

12. All correspondence between you and any expert you intend to call as an expert witness at trial.

13. All documents containing statements regarding Occurrence made by any Defendant, Plaintiff or any other party or witness in this matter or their agents, representative and employees.

14. All written and recorded statements of any person having information regarding Occurrence or who investigated or will investigate for you or on your behalf the circumstances of Occurrence or any claims or allegations made in Complaint.

15. All documents and other material that you have obtained through subpoena in this matter.

16. Copies of any and all medical records in your possession that pertain to medical care and treatment rendered to Plaintiff from the date of Plaintiff's birth to the date of your responses to this Request for Production of Documents. In response to this request, you do not need to provide copies of any medical records that have been provided to you by Plaintiff in the course of this litigation.

17. A copy of a lease pursuant to which you occupied the building out of which you were operating the bowling alley at the time of Occurrence.

18. Any document or material which you intend to rely upon to support any position you intend to take at trial with respect to liability and damages.

19. A copy of any and all statements made by any of your employees, agents, servants, or representatives concerning the Occurrence.

20. Each publication or paper that was written or worked on by each expert witness whom you intend to call as an expert at trial, and which refers or relates to the opinions or subject in which the witness is expected to testify.

21. A copy of any and all statements made at any time in the two (2) years prior to and on the date of the Occurrence, by any and all persons who are agents, servants, representatives, and/or employees of any party to this action concerning the defective step, as described in the Complaint.

22. All statements concerning this action or its subject matter obtained from non-parties to this litigation, whether in writing or reduced to writing, presently in your possession, custody, or control.

23. A copy of any and all service requests and/or work orders related to the bowling alley premises during the two (2) years prior to and on the date of the Occurrence.

24. A copy of any and all complaints and/or concerns made by anyone, regarding the defective step as described in the Complaint, including on the date of the Occurrence.

NOTE: Compliance herewith may be accomplished by mailing copies of all documents to the undersigned attorney. Please contact the undersigned prior to the production date if you do not desire to mail copies.

Respectfully submitted,

Angelica A. Carliner
CPF #: 1412160138
Lebowitz & Mzhen, LLC
9 Park Center Court, Suite 220
Owings Mills, Maryland 21117
(410) 654-3600
(410) 654-3601 – Fax
aacarliner@comcast.net
*Attorney for the Plaintiff*